**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUELINE ZHANG, | No.   18-15955 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-00007-LHK |
| v. | |
| COUNTY OF MONTEREY; MONTEREY COUNTY RESOURCE MANAGEMENT AGENCY; MONTEREY COUNTY PARKS DEPARTMENT, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted December 3, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit
Judges.

Jacqueline Zhang, a former finance manager for Monterey County, appeals

from the district court's order granting summary judgment in favor of the County

on seven of her federal and state-law claims and declining to exercise supplemental

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction over the sole remaining state-law claim. We have jurisdiction under 28 U.S.C. § 1291, and we review the grant of summary judgment de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2003). We affirm in part, reverse in part, and remand for further proceedings.

1. Zhang raised genuine issues of fact material to whether she was a permanent employee who was deprived of a property interest without due process when she was terminated. The district court concluded that Zhang had no "constitutionally protected property interest in her employment" because she was terminated on October 4, 2016, the last day of a one-year probationary period that began on October 5, 2015.

But Zhang presented evidence showing that her probationary period ended two days earlier, on October 2, 2016—one year after the first day of her initial pay period on October 3, 2015. Under the County's "Effective Date of Personnel Actions" policy, changes in employment status "shall be made effective only at the beginning of a pay period unless the County Auditor-Controller, after receiving a statement of necessity from the appointing authority, approved another effective date." The County responds that the personnel policy does not determine the start date of Zhang's probationary period, but that argument is undercut by the testimony of three other employees in the County Auditor-Controller's office. And, crucially, the County has not directed us to any statute, regulation, or policy

supporting its understanding of when Zhang's probationary period started.

If Zhang became a permanent employee before the County terminated her, it is undisputed that under County policy, she could be terminated only for cause, and she was entitled to five days' written notice and an opportunity to challenge the County's decision at a hearing. Because Zhang was terminated without those procedures, she created triable issues of fact on whether she was deprived of a protected property interest in her continued employment. We therefore reverse the grant of summary judgment in favor of the County on the federal and state due process claims alleging deprivation of a property interest.

2. The district court did not err in finding no genuine disputes of material fact on whether Zhang was deprived of a protected liberty interest, and we affirm the grant of summary judgment on that claim. In the employment context, "liberty interests protected by the Fourteenth Amendment are implicated only when the government's stigmatizing statements effectively exclude the employee completely from her chosen profession." *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013). Zhang accepted another finance management position within four months of being terminated by the County. Moreover, the County's allegedly stigmatizing statements were allegations of "mere incompetence or inability" and thus insufficient to trigger due process protection. *Id.* at 925 n.6.

3. We affirm the grant of summary judgment on Zhang's discrimination

claims based on race and national origin, brought under Title VII, section 1981, and the Fair Employment and Housing Act (FEHA). *See* 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; Cal. Gov't Code § 12940(a). Although Zhang established a prima facie case of discrimination, the County sustained its burden to articulate legitimate, nondiscriminatory reasons for its decision to fire Zhang. When the County terminated Zhang's employment, it explained that she lacked familiarity with governmental accounting principles, that her emails were "unprofessional" and "condescending," that her supervisor had received at least two complaints about her emails, and that she had disregarded an instruction from her supervisor to submit her email drafts for approval.

Zhang failed to present specific and substantial evidence challenging the credibility of the County's explanation. *See Vasquez*, 349 F.3d at 642. Although Zhang alleges that her supervisor "simply did not understand" why Zhang's accounting method was correct, "proof that 'the employer's reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason . . . is correct.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146–47 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993)); *see Dep't of Fair Empl. & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 746 (9th Cir. 2011) (holding that under FEHA, a plaintiff "can not simply show the employer's decision was wrong, mistaken, or unwise"). Zhang also

4

presented evidence that three of her coworkers made disparaging comments about her accent or ability to speak English, and that one of them complained to Zhang's supervisor about her emails. But she did not show a connection between those remarks and the decision to terminate her. *See Vasquez*, 349 F.3d at 640–42. Zhang further argues that she was treated differently from employees who were not Chinese immigrants, but she presented no evidence that those employees engaged in similar conduct or exhibited similar performance issues. *See id.* at 641–42.

4.      We also affirm the grant of summary judgment on Zhang's claim alleging marital-status discrimination under FEHA. Cal. Gov't Code § 12940(a). Zhang alleged that her termination was motivated by her supervisors' desire to avoid audits and other oversight by Zhang's husband in the County Auditor-Controller's office. But marital-status discrimination occurs when discrimination is based on an employee's status as a married person, not on "political animus" directed at an employee's spouse. *Chen v. County of Orange*, 116 Cal. Rptr. 2d 786, 799–800 (Cal. Ct. App. 2002).

5.      We affirm the grant of summary judgment on Zhang's claim for judicial review through an administrative mandate. Cal. Civ. Proc. Code § 1094.5(a). Zhang was denied a hearing altogether, so there is no "final administrative order or decision" to review. *Id.*; *see also Bunnett v. Regents of Univ. of Cal.*, 41 Cal. Rptr. 2d 567, 569 (Cal. Ct. App. 1995).

6. The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Zhang's remaining claim under California Code of Civil Procedure § 1085. The court had already dismissed all claims over which it had original jurisdiction, and it determined that the claim raised a novel and complex issue of state law. *See* 28 U.S.C. § 1367(c)(1). But because we are remanding two of Zhang's due process claims, we also remand the section 1085 claim to permit the district court to exercise its discretion afresh. *See Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 715 (9th Cir. 2009).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

The parties shall bear their own costs.